# Miller v. Grunfelder

*Kevin P. Foley*, for plaintiff.
*Steven T. Williams*, for defendants.

WILLIAMSON, *J.*, July 12, 2013—Plaintiff commenced this action by filing a complaint on December 23, 2008. On February 21, 2013, plaintiff forwarded defendants a notice of intent to serve subpoenas to produce documents and things for discovery pursuant to Rule 4009.21, et seq on Warner Insurance Company, Michelle Petrillo c/o Warner Insurance Company, and Sierra Claim Services. Defendants filed timely objections to the proposed subpoenas on March 12, 2013. Plaintiff filed a motion to overrule defendants' objections to subpoena on May 2, 2013. The matter was praeciped for argument. Both parties submitted briefs, and oral argument was heard on June 28, 2013. We are now ready to dispose of the motion to overrule objections to subpoena. This matter arises out of an incident that occurred on December 27, 2006. The complaint alleges that plaintiff was sitting on defendant David Grunfelder's vehicle in a McDonalds parking lot in Columbia, New Jersey. Defendant Kenny Grunfelder allegedly moved the vehicle, which caused plaintiff to fall and sustain injuries. At that time, defendants were insured by Warner Insurance Company, which was part of the Response Group, which was later purchased by Unitrin, and eventually became Kemper Services Group. After

the accident, the Response Group engaged Sierra Claim Services to act as an outside adjuster.

## OBJECTIONS TO SUBPOENAS

Warner Insurance Company, Michelle Petrillo, and Sierra Claim Services are not parties to this action. In their objections to the subpoenas, defendants argue that it is not permissible for a party to issue a subpoena to the insurance company and/or the agent of another party because the subpoenas compel the production of documents which exceeds what is permitted under the Pennsylvania Rules of Civil Procedure. Additionally, defendants note that it is questionable whether a subpoena issued in the Commonwealth of Pennsylvania is even enforceable against an out-of-state company. We find that this court has subpoena power over Warner Insurance Company (now part of Kemper) and Sierra Claim Services on the basis that they are corporations doing business in the Commonwealth, giving this court personal jurisdiction.[1]

Pennsylvania statutorily defines the basis for personal jurisdiction over an out-of-state corporation as the following:

"[T]he following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case

---

1. Defendants do not make any mention whatsoever concerning this court's jurisdiction to subpoena Michelle Petrillo, therefore, we will not address her in our jurisdictional analysis.

of an individual, and to enable such tribunals to render personal orders against such person or representative:

(2) Corporations

(iii) The carrying on of a continuous and systemic part of its general business within this Commonwealth."

42 Pa.C.S. §5301(a)(2)(iii).

Warner Insurance Company carries on a continuous and systemic part of its business in Pennsylvania. The defendants aver that Warner Insurance Company was part of the Response Group, which was purchased by Unitrin, and eventually became part of Kemper Services Group. The Response Group website lists its address as PO Box 4079 Scranton, PA 18505-6079. Additionally, the Response Group website lists Pennsylvania as a state in which Warner Insurance Company is licensed to provide insurance. Therefore, Warner Insurance Company unquestionably carries on a continuous and systemic part of its business in Pennsylvania.

Sierra Claim Services also has a continuous and systemic part of its business in Pennsylvania. Sierra's website lists Pennsylvania as a coverage area. Additionally, the court can infer that since Sierra was contracted by Warner Insurance Company/Response Group to assist them in the investigation of the claim, Sierra's investigation would take place in Pennsylvania due to the plaintiff's residence and medical treatment located in the Commonwealth.

Accordingly, this court has personal jurisdiction over Warner Insurance Company and Sierra Claim Services,

LLC and the resulting authority to require that the companies comply with the subpoena served on them by plaintiff. Assuming Michelle Petrillo is an employee of Warner, as represented, the subpoena issued to her in that capacity should be answered as well.

Next, we turn to the issue of whether or not plaintiff's proposed subpoenas are allowable under the Rules of Civil Procedure. Rule 4009.1, in pertinent part, states:

> Any party may serve a request upon a party pursuant to Rule 4009.11 and 4009.12 or a subpoena upon a person not a party pursuant to Rules 4009.21 through 4009.27 to produce and permit the requesting party...to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, and electronically stored information), or to inspect, copy, test or sample any tangible things or electronically stored information, which constitute or contain matters within the scope of Rules 4003.1 through 4003.6 inclusive and which are in the possession, custody or control of the party or person upon whom the request or subpoena is served, and may do so one or more times.

Pa. R.C.P. §4009.1.

In regards to the scope of discovery, Pa.R.C.P. 4003.3 is instructive:

> Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or

for that other party's representative, including his or her attorney, consultant, surety, indemnitor, *insurer*, or *agent*. The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories...

Pa. R.C.P. 4003.3 (emphasis added)

Here, plaintiff has requested certain documents from the incident file, including any and all investigative reports; statements, photographs, videos, diagrams, drawings, maps, charts, summaries, reports, correspondence, or any other documents pertaining to or referring to the accident that is the subject matter of this litigation. The subpoenas contain the exception that all mental impressions, conclusions, or opinions respecting strategy or tactics may be redacted, and that a privilege log is to be provided. Defendants argue that the subpoenas are overbroad and an attempt to "throw the kitchen sink" at the insurer to see what plaintiff can find. Defendants also argue that the Rules of Civil Procedure permit obtaining the information requested by means of a request for production of documents.

It has always been the policy of this court to liberally allow the free exchange of discoverable materials in any effort to expedite litigation and to adhere to the spirit of discovery rules. In this case, we believe that the plaintiff is entitled to a complete copy of the file from Warner Insurance Company, Sierra Claim Services, and Michelle Petrillo as an adjuster with any mental impressions,

conclusions, and opinions respecting the value or merit of a claim or defense or respecting strategy or tactic to be redacted. "In supervising discovery [this court possesses] broad discretion to take such action as it deems appropriate to insure *prompt and adequate* discovery." *Iron Workers Savings and Loan Assoc. v. IWS. Inc.*, 622 A.2d 367, 377 (Pa. Super. 1993) (emphasis in original). We believe that the plaintiff is entitled to this information which is relevant to the subject matter and appears reasonably calculated to lead to the discovery of admissible evidence. Furthermore, we are not persuaded by defendants' argument that the request is overly broad and burdensome. Defendant argues that the information will, or has, been provided during the course of discovery. If that is the case, subpoenas for the same information are not overly broad and burdensome, and are readily available to be produced.

We are cognizant of defendants' argument that the request may be duplicative of discovery already provided. However, the nature of litigation and discovery today has bred an unfortunate mistrust and gamesmanship amongst counsel. Even if only one discovery abuse or even an innocent mistake has occurred in the past where all documents were not provided in some case, counsel will invariably want to exhaust all avenues in all of their cases to ensure they are adequately prepared. It is no different than a plaintiff providing all medical and employment records and information in their possession through discovery, and defense counsel sending subpoenas to medical providers and employers for much of the same records. It is unfortunate that the state of litigation has

evolved into this, but there is nothing in the rules of civil procedure that prohibit such a practice. We also note that defense counsel represents the defendant as the insured, and not the insurance company or its agents being sent subpoenas. These are two separate and distinct entities, even if the records are ultimately still coming from one entity. For the foregoing reasons, we will overrule defendants' objections to the subpoenas.

Finally, in plaintiff's motion to overrule objections, her wherefore clause requests the court impose sanctions, preclude the defendants from contesting liability, and produce tape recordings and a videotaped re-enactment. Plaintiff has not supplied any case law, nor made any argument in her brief for the requested relief. Furthermore, a motion to overrule objections to subpoenas is not an appropriate avenue to demand the type of relief requested. For those reasons, and the reasons above, we enter the following order.

## ORDER

And now, this 12th day of July, 2013, it is hereby ordered that the objections of defendants to plaintiff's subpoenas directed to Warner Insurance Company, Sierra Claim Services, and Michelle Petrillo c/o Warner Insurance Company are hereby overruled, subject to the redactions contained within our opinion. Plaintiff may serve the subpoenas on Warner Insurance Company, Sierra Claim Services, and Michelle Petrillo c/o Warner Insurance Company.